[Crim. No. 2442. Second Appellate District, Division Two.—February 8, 1934.]

THE PEOPLE, Respondent, v. ERNEST P. HAYMAN, Appellant.

J. Thomas Russell for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was found guilty by the court sitting without a jury on four counts of an indictment charging four separate violations of the Corporate Securities Act. This is an appeal from the judgments of conviction and the order denying defendant's motion for new trials.

Appellant urges that the evidence shows that he was the owner of the stock sold and fails to show that the transactions in question were but a subterfuge to evade the provisions of such act.

It is undisputed that appellant sold shares of stock of the Hayman Oil Company to the four persons named and that no permit was issued by the commissioner of corporations authorizing the sale of such stock.

One of the purchasers testified that appellant told her at the time she bought that the stock was his own and "that the corporation commissioner had nothing to do with him in any way, shape or form". Other witnesses testified that he said it was his private stock that he was selling. There was other evidence showing that the books of the Hayman Oil Company were kept in appellant's office in Los Angeles; that the certificates of stock were there issued, and that he was the owner of the land on which the supposed "37 producing wells" were located; that the meetings of the directors were held in such office, the only ones present being appellant, who was the president, and his employee, Miss Spalione, the secretary; that the minutes of the directors' meetings were dictated by appellant, were written up and signed by Miss Spalione as secretary, and that they were in fact meetings on paper only; that the Hayman Oil Company had no bank account, but that all deposits were made in either the

account of E. P. Hayman or that of the E. P. Hayman Company, and that the expenses of the corporation were paid out of such account. It also appears that appellant employed the office force and directed the business of the corporation. The employee who issued the company certificates testified that at appellant's request he issued one certificate to appellant for 2,000 shares, which he charged to capital stock and credited to appellant; but apparently that certificate was not canceled when the ones mentioned here were issued, and the court might well conclude that the four certificates above mentioned were of the treasury stock of the corporation. In our opinion it was reasonable for the court to have inferred from the evidence that all four transactions alleged were but part of a scheme on the part of appellant to evade the provisions of the Corporate Securities Act in selling a worthless security to innocent and trustful persons.

Judgments and orders affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 8, 1934.